IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICHOLAS KENNETH TRAMMELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 16-787-GMS |
| ) | |
| SONIC DRIVE IN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

The plaintiff, Nicholas Kenneth Trammell ("Trammell"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit on September 6, 2016, alleging violations of federal statutory rights. He also appears to raise supplemental state claims. (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## I. BACKGROUND

Apparently, Trammel was employed by the defendant Sonic Drive-In ("Sonic"). Trammell invokes 18 U.S.C. § 922 (criminal firearm statute) and alleges unlawful acts occurred from August 1, 2008 through December 31, 2009, when his name was crossed off the schedule along with the number of hours he was to report. As a result, he was unable to arrive at work on time. He further alleges that he was never told he was terminated. He also alleges discrimination. He also makes reference to his paycheck. Trammell raises other various and sundry claims with regard to his criminal conviction and denial of free speech under 42 U.S.C. § 1983. Trammell seeks compensatory and punitive damages, as well as a full-time role on the television show Quantico and life-time food stamps, among other requests.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Trammell proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R.

2

Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Trammell leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __ U.S. __, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

## III. DISCUSSION

Trammell's complaint is difficult to decipher. To the extent Trammell seeks to raise a claim under 18 U.S.C. § 922, the claim is frivolous because this federal criminal statute does not create a private cause of action. *See Starr v. Price*, 385 F. Supp. 2d 502, 512 (M.D. Pa. 2005). To the extent Trammell alleges employment discrimination claim under the ADA by reason of disability or for the denial of services, programs or activities, the claims fail. Trammell appears to invoke both Title I and II of the ADA. Title I of the ADA, 42 U.S.C. §§ 12111–12117 (employment discrimination), provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." *See* 42 U.S.C. § 12112(a). Title II of the ADA, 42 U.S.C. §§ 12131-12134 (public services), provides that "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *See* 42 U.S.C. § 12132. Trammell's allegations do not indicate what, if any, disability Trammel has

To the extent, Trammel seeks to raise a claim under 42 U.S.C. § 1983 the claim fails because Sonic is not a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law).

In addition, the ADA and § 1983 claims are time-barred. In Delaware, § 1983 and ADA claims are subject to a two-year limitations period. *See* 10 Del. C.§ 8119; *Buckhart v. Widener Univ.*, 70 F. App'x 52, 54 (3d Cir. 2008) (unpublished); *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). It is clear from the face of the complaint that the claim is time-barred.

"[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (unpublished) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). After thoroughly reviewing the complaint and applicable law, the court draws on its judicial experience and common sense and concludes that the claims raised by Trammell are frivolous. Therefore, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Finally, to the extent Trammell attempts to raise supplemental state claims, because the complaint fails to state federal claims, the court declines to exercise jurisdiction over any supplemental state law claims. See 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## IV. CONCLUSION

The court will dismiss the complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) and will decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. In light of the nature of Trammell's claims, the court finds that amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson*, 293 F.3d at 111; *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

\_\_\_Dec 2\_\_\_, 2016
Wilmington, Delaware